**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**NICOLE BLACKMON,**

**Plaintiff/Counterclaim Defendant,**

**Case No.: 3:24-cv-01090**

**vs.**

**THE LINCOLN NATIONAL**
**LIFE INSURANCE COMPANY,**

**Defendant/Counterclaim Plaintiff.**

---

# PROPOSED INITIAL CASE MANAGEMENT ORDER

---

Plaintiff Nicole Blackmon ("Plaintiff" or "Ms. Blackmon") and Defendant The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") file this Proposed Initial Case Management Order and joint report of the parties pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 16.01. Pursuant to Federal Rule of Civil Procedure 26(f), the parties established the following schedule:

**A. JURISDICTION:** Jurisdiction is not disputed. The Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), (f).

**B. BRIEF THEORIES OF THE PARTIES**

**1.** Plaintiff:

Ms. Blackmon seeks payment of long-term disability ("LTD") benefits under ERISA and the terms of the Plan/Policy at issue. She is disabled from working based on severe ongoing cognitive defects.

As for what standard of review that may apply in this particular case, Plaintiff respectfully reserves all points and arguments regarding what will be the proper standard of review herein,

pursuant to *Firestone v. Bruch*, 489 U.S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989), and its progeny. Here, it is plain that Lincoln has a financial conflict of interest, since it is both the ultimate decision-maker (claims administrator or claims fiduciary) but also the payer/funding source for any benefits. A showing of this bias will be relevant to the Court's consideration of the ERISA standard of review.

**2.** Defendant: Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decision reached with regard to Plaintiff's claim for benefits was not an abuse of discretion. To be eligible for benefits, Plaintiff must be "totally disabled," as defined by the policy, which contains a 24-month limitation for any behavioral health/mental illness conditions. Plaintiff received benefits for the full 24-month period due to behavioral health/mental nervous conditions. And after a full and fair review, Defendant found that Plaintiff was not eligible for benefits due to a non-limited condition. Therefore, no benefits are payable beyond the 24-month period for which benefits were already paid to Plaintiff.

**C. ISSUES RESOLVED:** The parties agree that jurisdiction and venue are proper and that Defendant was properly served.

**D. ISSUES STILL IN DISPUTE:**

Whether Plaintiff is entitled to LTD benefits under the provisions of the Lincoln policy at issue (Policy No.: 000010181622); and, if so, the duration and amount(s).

**E. INITIAL DISCLOSURES:** The parties agree that service of the Administrative Record ("AR") by Defendant on Plaintiff will satisfy the requirement for any initial disclosures by Defendant under Rule 26(a). Defendant shall serve Plaintiff with the Administrative Record by

**FEBRUARY 14, 2025**. Beyond this, no initial disclosures under Rule 26(a) are required of either party.

**F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** The parties are encouraged to make settlement efforts throughout the pendency of this case and must make at least one substantive attempt at resolution. By no later than **APRIL 15, 2025**, the parties must file a joint case resolution status report confirming their substantive attempt at settlement. The parties' joint report must state the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state: (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their obligations under this case resolution plan.

**G. DISCOVERY:** Neither party has served discovery at this time.

Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a), and as such the Court's review is generally limited

to a review of the information available to the claim decision-maker at the time the final benefit determination was made.

Plaintiff contends that limited discovery may be permitted after an initial showing demonstrating the existence of conflict of interest/bias or violation of due process on the part of the decision-maker. Moreover, there is the possibility that the parties will disagree as to what constitutes the Administrative Record.

Defendant contends that no discovery is needed or appropriate in this ERISA matter.

Thus, the parties agree to the following plan:

1. Should Plaintiff have any objection to the content of the Administrative Record, such written objection shall be filed on or before **FEBRUARY 28, 2025**.

2. Defendant shall file the Administrative Record with the Court on or before **MARCH 14, 2025**. If, on this date, objections to the content of the AR are pending, the AR shall be filed within fourteen (14) days of entry of an order resolving the objections. Plaintiff may request that the AR be filed under seal to protect the confidential and private information of Plaintiff. Defendant need not file a separate motion to seal and may simply state in the notice of filing that the AR is filed pursuant to the provisions of a Court Order.

3. Should Plaintiff seek to take discovery, Plaintiff shall serve or notice such discovery on or before **APRIL 15, 2025**. In the event Plaintiff serves discovery, Defendant shall (i) respond/object to the discovery or (ii) notify Plaintiff in writing that all or a portion of the proposed discovery is outside the bounds of discovery permitted in a claim seeking recovery of an ERISA benefit within the timelines described in the Federal Rules of Civil Procedure. In any event, limited written discovery, if conducted, shall be completed by no later than **AUGUST 15, 2025**.

4. No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of Judge Holmes by the filing of a joint discovery dispute statement and a request for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. All discovery-related motions must be filed by no later than **JULY 15, 2025**, unless otherwise ordered by the Court. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

5. Nothing in this proposed discovery plan shall be considered as a concession from or waiver by Defendant that discovery is allowable in an ERISA benefits claim.

**H. AMENDMENTS OR ADDITION OF PARTIES:**

Any motions to amend or to add parties must be filed by no later than **MARCH 14, 2025** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result

in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must be filed by the deadline for amendment motions and must clearly and conspicuously state that the amendment is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

**I. DISCLOSURE OF EXPERTS:** The parties agree that no expert-witness disclosures are necessary.

**J. SUBSEQUENT CASE MANAGEMENT CONFERENCE**: The Court will no longer set second case management conferences or require the parties to file status reports as a matter of course in civil actions. The parties and their counsel are reminded of their responsibility to prepare this case according to the schedule set by this order. Failure to do so may result in any of the remedies authorized by Fed. R. Civ. P. 16(f). The Court will not provide reminders of case management deadlines and will not otherwise prompt the parties to give attention to this case. The parties may request that a case management conference be set by filing a joint motion for a case management conference, which must identify all issues to be discussed and detail the status of all case management events. If the purpose of the requested conference is to discuss extending case management deadlines, the motion must comply with the requirements for modifications of the case management order as instructed below. The parties must also state whether they request an in-person or telephonic case management conference.

**K. DISPOSITIVE MOTIONS:** Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01. All other dispositive motions must be filed by no later than **DECEMBER 15, 2025**. Responses to dispositive motions must be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in

opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

Before filing or responding to a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d (M.D. Tenn. 2021), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and responses to ensure that it is a narrow statement 7 of facts (not opinions, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

**L. ELECTRONIC DISCOVERY:** The parties will address any e-discovery issues by agreement but do not anticipate the need for discovery of electronically stored information. Therefore, the default standard contained in Administrative Order No. 174-1 need not apply to this case.

**M. MODIFICATION OF CASE MANAGEMENT ORDER**. Any motion to modify the case management order or any case management deadline must be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court

to 8 review one or more previous case management orders in consideration of the motion and (ii) a statement of counsel that the requested extension will not cause any dispositive motion deadline, including response and reply briefs, to be later than 120 days in advance of the trial date. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N. ESTIMATED TRIAL TIME:** While Plaintiff agrees that trials are not typically conducted in ERISA cases, she believes that there may be disputed factual issues that could necessitate a trial on those issues if this case is not resolved by dispositive motions (motions for judgment on the record). Should a trial be necessitated, Plaintiff expects the trial to last one to two days.

Defendant asserts that, as this is an ERISA action, no trial is necessary.

**O. MAGISTRATE JUDGE:** The parties do not consent, pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01, to proceed before the Magistrate Judge in this matter.

It is so **ORDERED**.

____________________________________
BARBARA D. HOLMES
United States Magistrate Judge

APPROVED FOR ENTRY:

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ *Andrew M. Hickman*
K. Cody Allison, BPR No. 020623
Andrew M. Hickman, BPR No. 037331
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000

Fax: (615) 727-0175
cody@codyallison.com
drew@codyallison.com
*Attorneys for Plaintiff*

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ *Iwana Rademaekers (w/ permiss. AMH)*
Iwana Rademaekers (Admitted *Pro Hac Vice*)
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com
*One of the Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2025, it is anticipated that a true and exact copy of the foregoing will be served via the Court's CM/ECF system on:

Andrew W. Coffman, Esq.
PHELPS DUNBAR LLP
105 E Main St Ste 201
Tupelo, MS 38804
Post Office Box 1220
Tupelo, MS 38802-1220
Phone: (662) 842-7907
Fax: (662) 842-3873
Email: andrew.coffman@phelps.com

Iwana Rademaekers, Esq.
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

/s/ *Andrew M. Hickman*
Andrew M. Hickman